**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MOUSSA NIAKATE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil A. No. 3:26-1226 |
| LEONARD ODDO, *et al.*, | ) | Judge Nora Barry Fischer |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM ORDER**

Presently before the Court is a Petition for Writ of Habeas Corpus ("Petition") (Docket No. 3) filed by Moussa Niakate ("Petitioner"), the Response to Petition for Writ of Habeas Corpus filed by Respondents (Docket No. 8), and the Reply Brief filed by Petitioner (Docket No. 10). After careful consideration of the parties' positions, the Court will deny the Petition, without prejudice.

Petitioner "is a citizen and national of Mauritania" who "came to the United States before the year of 1998." (Docket No. 3 at 3, 7). On December 14, 1998, Petitioner was ordered removed to Mauritania due to his entry into the United States without inspection. (Docket No. 3 at 7; Docket No. 8-1 at 3-6). Petitioner's appeal was dismissed on March 12, 2002. (Docket No. 3 at 7). Despite being subject to a final order of removal since 2002, Petitioner never obtained a passport from Mauritania and has remained in the United States for more than 24 years without being removed or voluntarily returning to his home country. (*Id.*).

On or around November 25, 2025, Petitioner was arrested for selling counterfeit goods by FBI agents in New York and transferred to immigration detention. (Docket No. 3 at 3; Docket

No. 8-1 at 8-9).[1] Around March 2026, Petitioner and a deportation officer completed a formal request for a travel document from Mauritania. (Docket No. 8-1 at 2, 7). Both parties agree that he has been detained under § 1231(a) since November 25, 2025, and that he is currently detained at Moshannon Valley Processing Center in Philipsburg, Pennsylvania. (Docket No. 10 at 2; Docket No. 3 at 2).

In the Petition, he asserts that his ongoing prolonged detention violates the Due Process Clause of the Fifth Amendment" and is thus "not authorized by § 1231(a)." (Docket No. 3 at 8). Citing to the standard established in *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001), Petitioner states that he has been detained for over 7 months (now over 9 months) and argues that his "prolonged detention is not likely to end in the reasonably foreseeable future" because he has "never had a Mauritanian passport[.]" (*Id.*). After reviewing the evidence submitted by Respondents, Petitioner also asserts in his Reply that "[f]our-plus months of silence from Mauritania, following a request for a travel document for a national who lacks a passport, is precisely the type of evidence" required under *Zadvydas*. (Docket No. 10 at 3).

As relief, Petitioner requests that the Court "grant the petition for writ of habeas corpus and order Petitioner's immediate release from custody[;]" or in the alternative, "order an evidentiary hearing at which Respondents must demonstrate, with individualized evidence, that there is a significant likelihood of removal in the reasonably foreseeable future." (Docket No. 10 at 8). Petitioner also asks the Court to award "attorney's fees and costs under the Equal Access to Justice Act" and grant "such other and further relief as the Court deems just and proper." (Docket No. 3 at 9).

---

[1] The Court takes judicial notice that Petitioner's criminal case for trafficking in counterfeit goods or services before the U.S. District Court for the Southern District of New York is still active. *See United States v. Niakate*, No. 1:25-mj-03728-UA, (S.D. N.Y. 2025).

In turn, Respondents argue that Petitioner's detention is "lawful under § 1231(a)(6)" and that his claim "rests on speculation[,]" which is "inadequate to meet [his] Zadvydas' burden." (Docket No. 8 at 2, 8). In particular, Respondents assert that "a delay in issuance of travel documents does not, without more, establish that a petitioner's removal will not occur in the reasonably foreseeable future, even where the detention extends beyond the presumptive 180 day (6 month) presumptively reasonable period." (*Id.* at 7 (quoting *Linton v. Holder*, No. 10-20145-CIV, 2010 WL 4810842, at *4 (S.D. Fla. Oct. 4, 2010))).

In *Zadvydas,* the Supreme Court established that a 6-month period of detention was presumptively reasonable. *Zadvydas*, 533 U.S. at 701. It is only "[a]fter this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." (*Id.*). However, the Supreme Court clarified that "this 6–month presumption, of course, does not mean that every alien not removed must be released after six months." (*Id.*). Rather, "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." (*Id.*).

At the time of this writing, Petitioner has been detained under § 1231 for over 9 months, which is "outside the presumptively reasonable period, and, thus, *Zadvydas* applies." *See De Armas v. Oddo*, No. 3:26-cv-00134, 2026 WL 1815864, at *4 (W.D. Pa. June 24, 2026). The Court agrees with Respondents, however, that Petitioner has not met his burden of "providing good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *See Zadvydas*, 533 U.S. at 701.

Both parties discuss the Eastern District's ruling in *Kacanic v. Elwood*, where the court found that there was no significant likelihood of removal in the reasonably foreseeable future

where the petitioner had been in detention for a year and had been waiting for travel documents for ten months. No. 02-8019, 2002 WL 31520362, at *10-11 (E.D. Pa. Nov. 8, 2002). During those ten months, the receiving country "never stated that the [p]etitioner [wa]s likely to be granted travel papers" nor offered any definitive answer as to why travel documents had not been issued, and there was also a written declaration from an immigration officer that "any grant of travel papers does not look likely soon." (*See id.*). A similar conclusion was recently issued by the Hon. Stephanie L. Haines in this District, finding that good reason was provided where the petitioner had been detained for almost two years and, after waiting months for travel documents, had submitted a document from the receiving country which detailed its current inability to issue a travel document. *See Gavenko v. Oddo*, No. 3:25-CV-57, 2026 WL 1975491, at *4-6 (W.D. Pa. May 27, 2026) (Ormsby, J.), *report and recommendation adopted*, 2026 WL 1694443 (W.D. Pa. June 11, 2026) (Haines, J.); *see also Kai Fung Wu v. Sage*, No. 4:26-CV-01764, 2026 WL 2280766, at *4 (M.D. Pa. Aug. 7, 2026) (finding that good reason was provided where the petitioner had been in detention for nearly eleven months and waiting for a response from the receiving country for around seven months).

Under that same standard, Petitioner's claim is premature and lacks sufficient supporting evidence to demonstrate that there is no significant likelihood of removal in the reasonably foreseeable future, as required under *Zadvydas*. Here, Petitioner has been in detention for nine months but has only been waiting for travel documents for around five and a half months.[2] (*See* Docket No. 8-1 at 2; Docket No. 10 at 1). He also does not provide any statement from Mauritania's consulate verifying the country's inability or refusal to issue travel documents, unlike

[2] The Court encourages Respondents to follow up with Mauritania as soon as possible and provide any updates to Petitioner as to the status of his application for travel documents.

the *Gavenko* petitioner who provided such verification.[3] Petitioner further admits that he never had a passport from Mauritania and has presented no evidence that he was prevented from obtaining a passport or other travel document from Mauritania in the more than twenty-four years since the order of removal became final in his immigration case in 2002. Finally, Petitioner has failed to address the pending criminal charges against him in the U.S. District Court for the Southern District of New York and the Court would be loath to order his release while those charges are pending and without a showing by the Petitioner that the charges have not delayed the process.

As such, because Petitioner fails to meet his burden under *Zadvydas*, the Court must deny his Petition at this time.[4] However, "[t]he dismissal on this ground is without prejudice in the event that [Petitioner] is able to show good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future." *See Romero-Roblejo v. McShane*, No. 3:26-CV-810, 2026 WL 1500973, at *3 (W.D. Pa. May 29, 2026). Namely, as Petitioner's detention lengthens, "the 'reasonably foreseeable future' time of removal shrinks." *Id.* (quoting *Zadvydas*, 533 U.S. at 701).

For all of these reasons,

IT IS HEREBY ORDERED that the Petition [3] is DENIED, without prejudice. An

---

[3] Although Petitioner also lacks a passport to Mauritania, this factor in and of itself is not enough to shift the burden to Respondents. The parties have not cited any precedent in this Circuit finding that the process for obtaining passports or travel documents from Mauritania establishes good reason to believe that the application will not be approved, and the Court's independent research has not located any such decisions. Hence, this case is distinguishable from cases where the process of a particular country has supported relief under *Zadvydas*. *See Nam Van Phan v. Warden of the Fed. Corr. Inst. Lewisburg*, No. 3:26-CV-00770, 2026 WL 1080390, at *5 (M.D. Pa. Apr. 21, 2026) (collecting decisions) ("Courts in the Third Circuit have found that evidence of the process for procuring travel documents from Vietnam for pre-1995 immigrants establishes good reason to believe that removal of a pre-1995 Vietnamese immigrant detained under 8 U.S.C § 1231 is not reasonably foreseeable.").

appropriate Judgment follows.

BY THE COURT:

*s/Nora Barry Fischer*
Nora Barry Fischer, Senior U.S. District Judge

Dated: August 27, 2026

cc/ecf: All counsel of record.